IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Emonte Brooks, ) | Case No. 1:24-cv-03511-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Shane Jackson, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 26.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

Petitioner's pro se habeas petition was docketed on June 13, 2024. [Doc. 1.] On November 14, 2024, Respondent filed a motion for summary judgment. [Doc. 21.] The next day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 22.] On December 20, 2024, after Petitioner failed to respond to the summary judgment motion, the Court issued an order directing Petitioner to advise whether he wished to continue with the case and to file a response to Respondent's summary judgment motion by January 3, 2025, and advising him that if he failed to respond, his action would be recommended for dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 24.] When Petitioner did not file a response, the Magistrate Judge, on January 7, 2025, issued

a Report recommending that this action be dismissed for failure to prosecute. [Doc. 26.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 3.] Petitioner did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As a result, Respondent's motion for summary judgment [Doc. 21] is FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

February 4, 2025
Columbia, South Carolina